UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-cr-00091 (GHW) |
| -v- | |
| ANDREY KOSTIN et al., | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION TO MODIFY FILTER TEAM PROCEDURES AND FOR INJUNCTION AGAINST RELEASE OR REVIEW OF RECORDS PENDING RULING**

K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9370
Facsimile: (202) 778-9100

*Counsel for Defendant Vadim Wolfson*

In its letter dated April 26, 2024, the United States Attorney's Office for the Southern District of New York ("USAO") asks the Court to endorse its secret filter process because Mr. Wolfson's concerns are "purely speculative" and because "there is no basis to believe that the filter review process will be improper." ECF No. 43 (the "Opposition") at 6-7. The USAO errs. Even a cursory review of the materials the USAO has produced to date—the very same materials the USAO says were already cleared as nonprivileged by the filter team—reveals hundreds of messages with attorneys, many of which contain material that is privileged, or at least arguably so. This demonstrated failure to conduct even the most rudimentary privilege screens related to lawyers already known to the government is reason alone for the relief that Mr. Wolfson requests.

Moreover, conspicuously absent from the government's Opposition is any defense of the unwarranted secrecy with which it is approaching the filter team review in this matter. The Opposition also mischaracterizes Mr. Wolfson's position on the scope of the requested pre-review protocol and leverages that mischaracterization to make inaccurate assertions of burden. Finally, the government's internally inconsistent position on disclosure of attorney names only serves to highlight the importance of providing that information directly to the filter team.

Mr. Wolfson therefore respectfully requests that the Court impose the two modest guardrails sought in his motion: (1) Provide him a reasonable opportunity to review potentially privileged materials before they are released to the prosecution team; and (2) allow him to give a list of attorney names to the filter team only. Because the government has expressed its intention to imminently ignore those basic guardrails in the absence of an order from this Court, Mr. Wolfson also renews his request for a preliminary injunction.

1

A.   **The Filter Team Has Already Improperly Released Apparently Privileged Documents**

Document productions by the USAO to date show the manifest inadequacy of the current filter team procedures and the failure of the filter team to adequately screen out potentially privileged material. To date, Mr. Wolfson does not know which of his records have been cleared for release by the filter team,[1] but he has received from the USAO records obtained from Apple related to co-defendant Gannon Bond that the government asserts were cleared by the filter team as not even potentially privileged. *See* Exhibit A at 2. Included in this set are hundreds of communications from Mr. Wolfson's tax attorney ("Attorney 1"[2]) and another attorney, ("Attorney 2"[3]), who previously represented Mr. Wolfson and Mr. Bond in connection with a grand jury subpoena issued in this matter. The status of both individuals as attorneys related to his matter has been known to the government for more than a year. Counsel for Mr. Wolfson located these documents through rudimentary searches of what the USAO characterizes as "Non-Privileged iCloud" documents from Mr. Bond.[4] In fact, however, these communications include legal advice that Mr. Bond, acting as Mr. Wolfson's agent, obtained on Mr. Wolfson's behalf concerning business matters, as well as legal communications related to the subpoena. These

---

[1] A production scheduled to arrive on May 3, 2024, will allow Mr. Wolfson to begin to analyze this issue.

[2] The identity of Attorney 1 is known to both the USAO and Mr. Wolfson's attorneys. Mr. Wolfson can provide their identity under seal if the Court so directs.

[3] The identity of Attorney 2 is known to both the USAO and Mr. Wolfson's attorneys. Mr. Wolfson can provide their identity under seal if the Court so directs.

[4] Many of the messages contain privileged material, or at least arguably privileged material. Given the sensitivity of these documents, Mr. Wolfson is not including them on the public record, but will provide them *ex parte* if the Court so directs.

2

documents are privileged, or, at a bare minimum, are arguably privileged, and should never have been released directly to the prosecution team.

Moreover, the failure of the USAO's filter procedures could not be cured by Mr. Wolfson providing a list of attorneys to the government in this instance because the USAO, which interacted with Attorney 2 in connection with the grand jury subpoena, unquestionably already knew that he was a relevant attorney. The same goes for Attorney 1. And yet the filter team either did not search for these lawyers previously known to the government or did so and unilaterally made privilege determinations—the very role that the USAO disclaimed and assured this Court the filter team would assiduously avoid. *See* ECF No. 43 at 6 (making the inaccurate assertion that the government's procedures would involve producing "any potentially privileged materials involving lawyers and law firms to Wolfson for his review" so that that "he—not the Filter Team—will be able to make the initial determinations as to whether there is any applicable privilege to assert before any such materials are released to the Case Team").

The results of this exercise underscore the need for Mr. Wolfson to engage in a pre-review. If the filter team, with its totally opaque review process, gets to pick which documents are released to the prosecution team without any checks or balances, not even attorney-client communications will be protected. Indeed, attorney-client communications have already been released by the filter team. This is the very definition of the "government's fox [being] left in charge of the [defendant's] henhouse." *See In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006).

**B.     Mr. Wolfson Is Entitled to Pre-Review of All Potentially Privileged Materials**

The USAO does not dispute its outlier status on the issue of transparency of the filter team review protocol. The USAO, for instance, does not deny that the Department of Justice's

3

Criminal Division regularly files a filter team protocol for court review and approval. Nor does the USAO attempt to argue that such modest levels of transparency would create any burden or harm. To the contrary, the USAO continues to shroud the review process in unnecessary secrecy, noting only in the vaguest of terms that the protocol involves a "series of search terms" and "targeted manual review." ECF No. 43 at 3.

The USAO's apparent inability to defend its refusal to share the protocol is critical because it is this very secrecy that precipitated Mr. Wolson's motion. If Mr. Wolfson knew the answer to open questions, including specific search terms and the scope of manual review, that could very well obviate the need for the procedures suggested in his motion or the intervention of this Court. Indeed, Mr. Wolfson proposed the procedures as a means of accommodating the USAO's unexplained desire for secrecy while still ensuring a minimum level of due process. But having eschewed transparency, the USAO cannot now be heard to complain that basic guardrails would be overly burdensome.

Additionally, much of the USAO's argument rests on the inaccurate assertion that Mr. Wolfson is seeking pre-review of "*all* materials" the government has seized. *See id.* at 5 (emphasis in original). To the contrary, Mr. Wolfson made clear in his motion that he "does not seek to create a requirement that every document collected by the government in this case must go through a filter team process." ECF No. 41 at 5 n.3. Rather, he only seeks pre-review of collections from sources where potentially privileged materials are likely to be prevalent, such as emails and text messages seized from him or his agents.

In that sense, Mr. Wolfson is seeking the same kind of relief afforded to the non-lawyer defendant in *United States v. Grant*. The USAO makes much of attempting to distinguish caselaw involving lawyers, but in *Grant* the government reviewed the entirety of 40 boxes that

4

had been seized from the non-lawyer defendant and isolated everything for which a conceivable privilege claim could be made. 2004 WL 1171258, at *1 (S.D.N.Y. May 25, 2004). The *Grant* court concluded that the defendant "will not be prejudiced" by the government conducting the initial review of this universe because he would "have the opportunity to make objections to the Court *before* any documents are turned over to the trial team." *Id.* at *2 (emphasis added).

Through his motion, Mr. Wolfson seeks that same due process protection: to allow the filter team to conduct the review in the first instance but permit him to engage in pre-review of those documents likeliest to implicate privilege concerns. To be sure, the scope of Mr. Wolfson's pre-review might be narrower if the USAO agreed to the process the government undertook in *Grant*, which was to manually inspect every file to cull any for which a conceivable privilege applies. But the USAO does not intend to do that here, instead opting for undisclosed search terms and an unspecified amount of "targeted manual review," whatever that may entail.

In this context, the government's offer—which is to allow pre-review of only those documents it deems worthy of such scrutiny following the secret review process that will most assuredly not involve careful review of each and every seized document—is cold comfort. This is especially the case since privileged material has already been released directly to the prosecution team. The USAO's process includes no "check on the any of the filter team's determinations that an item is not privileged," or its determinations that a particular document does not even warrant review for privilege. *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1249 (11th Cir. 2021) (per curiam). Indeed, the review Mr. Wolfson has conducted to date conclusively establishes that not even *attorney communications* are consistently subject to pre-review under the government's

5

proposed procedures, which renders obsolete the USAO's attempt to argue that *Grant* supports its secretive and deficient process.

> C. **Mr. Wolfson Should Be Permitted to Give Attorney Names Directly to the Filter Team**

The government's position on attorney names is internally contradictory. On the one hand, the USAO asserts that giving this information to the prosecution team will not prejudice Mr. Wolfson because the government already knows the names of relevant attorneys. On the other hand, the USAO has repeatedly sought this information from Mr. Wolfson, which suggests that the USAO has substantial doubts about its ability to conduct a compliant privilege review without it. Mr. Wilson remains ready to provide the filter team directly with any information needed to facilitate its review, but the USAO has not identified any valid reason why the prosecution team has any need to view it.

Indeed, much of the government's Opposition is predicated on observations that are not in dispute. Mr. Wolfson does not dispute, for instance, that the government may already know the name of many relevant attorneys or that, in the event he claims privilege over certain materials, he will need to identify the names of the implicated attorneys to both the filter team and the prosecution team as part of a privilege log.[5] But the government's demand sweeps broader than that and reaches subject matter that the USAO is not entitled to learn about from Mr. Wolfson.

---

[5] In this context, there is no merit to the government's suggestion that Mr. Wolfson could "submit, unchecked, sweeping lists of individuals to a filter team, including non-attorneys and perhaps even witnesses, victims, associates, and co-conspirators." ECF No. 43 at 8. Setting aside the unfounded suggestion that counsel would take frivolous positions, the USAO ignores the fact that Mr. Wolfson would need to make timely privilege assertions, thereby identifying for everyone, including the prosecution team, the names of the attorneys at issue.

To ensure a thorough privilege screen, Mr. Wolfson would need to identify every lawyer who ever performed work on his behalf, even if particular attorneys do not appear in any of the documents that the government seized. This is so because, to this day, Mr. Wolfson still does not know the full universe of what the government has collected in this matter. Additionally, other individuals, including Mr. Bond, may have had privileged conversations as Mr. Wolfson's agents. In light of these considerations, Mr. Wolfson would need to provide an overly inclusive list in order to fully protect his rights.

Even to the extent the prosecution team has the right to know attorney names at the time a claim of privilege arises over a seized document, it has no need to learn the names of other attorneys who have performed work for Mr. Wolfson who are not implicated in any privilege claims. The only conceivable basis for the prosecution team to demand to see these names is to conduct further its factual investigation, thereby extracting testimonial information from Mr. Wolfson as the price for ensuring a fair and thorough privilege review. It is both unnecessary and unwarranted to make Mr. Wolfson choose between his Fifth Amendment right against self-incrimination and his due process right to an adequate privilege review.

D.  **A Preliminary Injunction Is Appropriate**

The USAO has expressed its intention for the prosecution team to commence on May 6 a review of filter team materials that have not gone through the protocols requested in Mr. Wolfson's motion. *See* ECF No. 43 at 2. In the event the Court has not yet ruled on the motion by that date, Mr. Wolfson respectfully requests the entry of a preliminary injunction to maintain the *status quo ante* and prevent irreparable harm until this matter is resolved. As reflected in the motion, Mr. Wolfson does not seek to prevent the filter team from continuing its review, but

7

instead merely asks that the prosecution team not conduct any further review of released materials until the requested protocols are implemented.

## Conclusion

Through its Opposition, the USAO continues to reject measured calls for transparency in the filter team review even after the filter team has improperly released privileged communications—or communications that are at least arguably privileged—directly to the prosecution team. In doing so, the USAO fails to offer a principled basis for its position or to substantiate any of the harms that it asserts would flow from granting Mr. Wolfson the modest relief he seeks. Mr. Wolfson therefore requests that the Court grant the motion and enter a preliminary injunction in the interim.

Dated: May 3, 2024                                                            Respectfully submitted,

*/s/ David C. Rybicki*
David C. Rybicki
Michael C. Harper
Robert S. Silverblatt
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9370
Facsimile: (202) 778-9100
David.Rybicki@klgates.com

*Counsel for Defendant Vadim Wolfson*