SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NATIONAL BANK TRUST and PJSC BANK OTKRITIE FINANCIAL CORPORATION,

    Plaintiffs,

v.

VADIM BELYAEV, a/k/a/ VADIM WOLFSON,

    Defendant.

Index No. 156903/2020

Justice Joel M. Cohen

Motion Seq. No. 1

# SUPPLEMENTAL AFFIDAVIT OF VADIM WOLFSON IN SUPPORT OF MOTION TO DISMISS COMPLAINT

I, VADIM WOLFSON, being duly sworn, hereby depose and state under penalty of perjury as follows:

1. I am the defendant in the above-captioned matter, and I submit this Affidavit in further support of the motion to dismiss this case.

2. Russian is my native language, but I am sufficiently fluent in English to make this Affidavit.

3. I left New York State in late October 2020, and currently have no intention of returning.

4. When I first moved to the United States, I temporarily came to New York because it is where my ex-wife and children were living. I never intended for New York to be my permanent residence. I have now settled into a community where I have a network of friends and intend to put down roots there.

5. I am no longer the lessee of an apartment in New York City.

6. I have no residential property in New York State or elsewhere in the New York metropolitan region. Through 7 Evergreen Holdings LLC, a company owned by the Belyaev 2015 Family Trust (the "Trust"), a Delaware trust, I was previously the beneficial owner of a home in Westchester County, New York in which my ex-wife and children were living. In May 2019, 7 Evergreen Holdings LLC and its assets, including the home, were distributed by the Trust to my ex-wife, who still owns the home through 7 Evergreen Holdings LLC. That same month, the Trust was dissolved. I no longer have any interest in the Trust, 7 Evergreen Holdings LLC, or the home in Westchester County.

7. Nearly all of the evidence and the witnesses necessary to prepare my defense in this case are located in Russia.

8. Among others, the following current or former employees of Bank Otkritie or Otkritie Holding JSC are likely to possess personal knowledge of, or information relevant to, my defense in this case:

    a. Ruben Aganbegyan, former Director and President of Bank Otkritie, and Chairman of Bank Otkritie's Supervisory Board;

    b. Alexey Karakhan, former CEO of Otkritie Holding JSC.

    c. Alexander Mansir, former Vice-President and Director of the Customer Service Department of Bank Otkritie;

    d. Konstantin Tserazov, former Senior Vice-President of Bank Otkritie;

    e. Ivan Bogatkin, a senior manager at Bank Otkritie;

    f. Vadim Kulik, former Head of Risk and Information Technology at Bank Otkritie; and

    g. Mikhail Zadornov, Chairman of Bank Otkritie.

9. In addition, the following individuals, currently or previously holding the indicated positions with the Central Bank of Russia ("CBR"), are likely to possess personal knowledge of, or information relevant to, my defense in this case:

   a. Elvira Nabiullina, Governor of the CBR;

   b. Dmitry Tulin, First Deputy Governor of the CBR;

   c. Sergey Shvetsov, First Deputy Governor of the CBR;

   d. Olga Polyakova, Deputy Governor of the CBR;

   e. Vasiliy Pozdyshev, Deputy Governor of the CBR;

   f. Anna Orlenko, Head of the Supervisory Department of the CBR; and

   g. Philipp Gabunia, Director of the Insurance Market Department of the CBR.

10. To the best of my knowledge, all of the above-named individuals reside in Russia.

11. To the best of my knowledge, all of the above-named individuals speak Russian and would require assistance from an interpreter in order to testify in these proceedings.

12. Furthermore, Dr. Ilia Rachkov is likely to serve as an expert witnesses regarding the aspects of Russian law that are relevant to my defense in this case.

13. Dr. Rachkov is located in Russia and is a native speaker of Russian. Although he has some fluency in English, Dr. Rachkov would likely require assistance from an interpreter in order to testify in these proceedings.

14. Many of the key documents relevant to my defense in this case are documents disclosed in the Russian Proceedings, including but not limited to the CBR's secret "Participation Plan," which is the document setting out the details of Bank Otkritie's sanation. These documents are voluminous and the Russian court has ruled that they must be kept confidential, which prohibits their disclosure in the present proceedings.

15. Among others, the following documents are also likely to contain information relevant to my defense in this case:

   a. Documents, including email communications, showing the extent of my interactions with Bank Otkritie and NBT employees;

   b. Documents, including email communications between and among employees, showing individuals that had decision making authority at Bank Otkritie and NBT; and

   c. Documents, including email communications, generated by Oktritie Holding JSC, Bank Otkritie, NBT, and others regarding the alleged transactions referenced in the Amended Complaint.

16. All of the above-listed documents are located in Russia and/or on Russian servers. All of these documents are in Russian and will require translation to English for use in these proceedings.

Dated: February 4, 2021
New Orleans, Louisiana

_____
Vadim Wolfson

THIS DOCUMENT NOT PREPARED BY THE UNDERSIGNED NOTARY ATTESTING TO SIGNATURES ONLY

Sworn to before me this 4th day of February 2021

_____
Notary Public

[Notary Seal: AMY LITCHFIELD, NOTARY PUBLIC, #159758, ORLEANS PARISH, LA, MY COMMISSION IS FOR LIFE]