P7AKWOLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              24 CR 91 (GHW)

VADIM WOLFSON,

                                          Conference
              Defendant.

------------------------------x

                                          New York, N.Y.
                                          July 10, 2025
                                          10:00 a.m.

Before:

                      HON. GREGORY H. WOODS,

                                      District Judge

                          APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
EMILY SARAH DEININGER
DAVID FELTON
     Assistant United States Attorneys

K&L Gates LLP
     Attorneys for Defendant
BY:  DAVID RYBICKI
     ROBERT SILVERBLATT

Also Present:

Meherun Mauer, Pretrial Services Officer

1           (Case called)
2           MS. DEININGER:  Good morning, your Honor.
3  Emily Deininger, on behalf of the government, and I am also
4  joined here at counsel table by my colleague, David Felton.
5           THE COURT:  Good.  Thank you very much.  Good morning.
6           MR. RYBICKI:  Good morning, your Honor.
7  David Rybicki.  I am joined by my colleague, Rob Silverblatt,
8  and Mr. Vadim Wolfson, my client, who is also in court.
9           THE COURT:  Good.  Thank you very much.
10          Counsel, bear with me for just one moment.
11          (Pause)
12          THE COURT:  Thank you very much for being here.  Let's
13 begin.
14          First, counsel for defendant, we're conducting this
15 proceeding in English, without the assistance of an
16 interpreter.
17          Can you tell me whether the defendant is capable of
18 conducting this proceeding without the need for an interpreter?
19          MR. RYBICKI:  Yes, your Honor.  Mr. Wolfson speaks and
20 understands English.
21          THE COURT:  Fine.  Thank you.
22          So, the purpose of this proceeding is to discuss the
23 entry of a proposed deferred prosecution agreement.  What I'd
24 like to do is to walk through the proposed allocution with
25 respect to the deferred prosecution agreement.

I'll tell you what I would customarily do, and I'll hear feedback from each of the parties about the process that we will implement in order for the Court to enter the agreement.

What I customarily do is to place the defendant under oath, to allocute him as to the basic issues that one allocutes a defendant to in order to establish his competency, including lack of taking medication and the like. I then ask the defendant if he's read the deferred prosecution, if he's had the opportunity to review it with his counsel, whether counsel has explained it to him, and whether he understands what the deferred prosecution agreement requires. I then ask the government to summarize the defendant's obligations under the agreement, before asking the defendant if he understands that he's required to comply with those and all other terms of the agreement. And then I would ask the defendant to confirm that he understands that if he complies with the terms of the agreement for its stated term, that the case against him would be dismissed.

I then briefly note his right to a speedy trial and ask the defendant whether he is willing to waive his right to a speedy trial, and then ask to ensure that he is aware that, until the case is finally dismissed, the government may withdraw the agreement and proceed to trial at any time, all of that before signing the agreement and the speedy trial waiver

Case 1:24-cr-00091-GHW   Document 238   Filed 07/21/25   Page 4 of 14    4
P7AKWOLC

1    that's contained in it.

2              So, that is how I would propose to proceed.  I'll hear
3    from the parties about that proposed approach.  I will just
4    add, as a note, that the proposed deferred prosecution
5    agreement that was handed to me was signed by the defendant on
6    July 1, that is, on a date in the past, and so you should let
7    me know if you think that the allocution should in any way be
8    modified or if the signature date should be modified.

9              So, counsel for the government, let me hear first from
10   you.

11             MS. DEININGER:  Your Honor, I think that that process
12   generally makes sense to the government.

13             With regard to the date of the defendant's signature,
14   I think it would be acceptable for the Court just to confirm
15   that he did, in fact, sign it on that date, and as you already
16   noted, confirming that he read and understands it and reviewed
17   it with his counsel prior to doing so.

18             The only thing I will note in terms of you mentioned
19   you would ask the government to summarize aspects of the
20   deferred prosecution agreement, which we are happy to do.  I
21   will note that the deferred prosecution agreement does contain
22   certain sensitive information.  We were going to ask that it be
23   maintained under seal, and, for similar reasons, we would not
24   be inclined to summarize the sensitive portions of the deferred
25   prosecution agreement on the record here today.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          But I do think it would be adequate, as long as your
2     Honor confirms the defendant has read and reviewed it in its
3     entirety with his counsel, and understands his obligations.
4          THE COURT:  Thank you.
5          I appreciate that.  I expect to ask the defendant if
6     he understands that he is required to comply with all of
7     those — meaning those aspects of the agreement which are
8     described on the record — and all other terms of the agreement.
9          Very good.  Anything else that you'd like to propose?
10         MS. DEININGER:  Nothing.
11         THE COURT:  Thank you.
12         Counsel for defendant, let me hear from you.
13         MR. RYBICKI:  Your Honor, we agree with the Court's
14    proposed process today.  We also concur with the government,
15    that due to certain information contained in the agreement,
16    that the Court not -- or that the government not recite
17    specific provisions of the agreement, but that Mr. Wolfson
18    certainly can indicate his knowing and voluntary assent to the
19    agreement.
20         THE COURT:  Fine.  Thank you.
21         So, let's begin.
22         Mr. Wolfson, let me first turn to you.  As I said
23    earlier, the purpose of this proceeding is to confirm that
24    you're aware of the terms of the deferred prosecution
25    agreement, which is dated, by the government, July 9, and which

1    you've signed on July 1, and to confirm that you were willing
2    to enter into it.
3            Now, before we proceed, Mr. Wolfson, I am going to ask
4    you certain questions so that I can establish to my
5    satisfaction that you know what is happening in this
6    proceeding.  If you don't understand any of my questions or if
7    you'd like to confer with your lawyer at any time or for any
8    reason, please just let me know, and I will give you as much
9    time as you would like in order to do that.
10           So, because I'm going to be asking you a number of
11   questions, I'm going to ask that you please stand to take an
12   oath to answer my questions truthfully.
13           Thank you.
14           (Defendant sworn)
15           THE COURT:  Good.  Thank you very much.  You can be
16   seated.
17           Mr. Wolfson, you're now under oath, which means that
18   if you answer any of my questions falsely, you may be
19   prosecuted for the separate crime of perjury or making false
20   statements.  The government would have the right to use any
21   statement that you give under oath against you in such a
22   prosecution.
23           Do you understand that?
24           THE DEFENDANT:  Yes, your Honor.
25           THE COURT:  Thank you.

1              So, first, what's your full name?
2              THE DEFENDANT:  Vadim Wolfson.
3              THE COURT:  Thank you.
4              And how old are you?
5              THE DEFENDANT:  59.
6              THE COURT:  How far did you go in school?
7              THE DEFENDANT:  High educated.
8              THE COURT:  I'm sorry?
9              THE DEFENDANT:  High educated.
10             THE COURT:  I'm sorry, would you repeat that?  I
11   apologize, I did not hear you.
12             THE DEFENDANT:  High educated.
13             THE COURT:  Thank you.
14             What was your terminal degree?
15             THE DEFENDANT:  Physics first, and banking and finance
16   second.
17             THE COURT:  Thank you.
18             Mr. Wolfson, could you please describe for me briefly
19   your employment experience?  What kind of jobs have you had?
20             THE DEFENDANT:  I did a lot the last 30 years.  I was
21   a CEO of Otkritie, a Russian financial corporation.
22             THE COURT:  Thank you.
23             Mr. Wolfson, have you ever been treated or
24   hospitalized for any mental illness?
25             THE DEFENDANT:  Not yet, your Honor.

1                THE COURT:  Thank you.
2                Are you currently, or have you recently been, under
3    the care of a physician, psychiatrist, or psychologist?
4                THE DEFENDANT:  No.
5                THE COURT:  Thank you.
6                Mr. Wolfson, are you currently, or have you recently
7    been, hospitalized or treated for drug addiction?
8                THE DEFENDANT:  No.
9                THE COURT:  Within the past 24 hours, Mr. Wolfson,
10   have you used or taken any alcohol, drugs, or medication?
11               THE DEFENDANT:  No, your Honor.
12               THE COURT:  Is your mind clear today?
13               THE DEFENDANT:  Yes, your Honor.
14               THE COURT:  Do you understand what's happening in
15   today's proceeding?
16               THE DEFENDANT:  Yes, I do.
17               THE COURT:  Thank you.
18               So, I have a copy of the deferred prosecution
19   agreement here, which I'm going to mark as Court Exhibit 1.
20               THE DEFENDANT:  Yes.
21               THE COURT:  Thank you.
22               This document is executed by the government.  It bears
23   your and your counsel's signatures as well.
24               THE DEFENDANT:  Yes, your Honor.
25               THE COURT:  Thank you.

P7AKWOLC

|   |   |
|---|---|
| 1 | So, first, let me confirm, if I can, Mr. Wolfson, have |
| 2 | you read the deferred prosecution agreement? |
| 3 | THE DEFENDANT:  Yes, your Honor. |
| 4 | THE COURT:  Have you had the opportunity to discuss |
| 5 | the deferred prosection agreement with your counsel? |
| 6 | THE DEFENDANT:  Yes. |
| 7 | THE COURT:  Did you discuss it with your counsel |
| 8 | before you signed it? |
| 9 | THE DEFENDANT:  I did. |
| 10 | THE COURT:  Did your counsel explain the agreement to |
| 11 | you and answer all of your questions about it? |
| 12 | THE DEFENDANT:  Yes, he did. |
| 13 | THE COURT:  Thank you. |
| 14 | Do you understand what the deferred prosecution |
| 15 | requires? |
| 16 | THE DEFENDANT:  I do. |
| 17 | THE COURT:  Thank you. |
| 18 | The document, again, appears to bear your signature, |
| 19 | dated July 1, 2025. |
| 20 | Did you sign the document on that date? |
| 21 | THE DEFENDANT:  Yes, your Honor. |
| 22 | THE COURT:  Thank you. |
| 23 | And did you have any mental or physical impairment |
| 24 | that limited your ability to understand what you were agreeing |
| 25 | to as of that date? |

|   |   |
|---|---|
| 1 | THE DEFENDANT:  No, your Honor. |
| 2 | THE COURT:  Thank you. |
| 3 | So, Mr. Wolfson, do you understand, again, what the deferred prosecution agreement requires? |
| 5 | THE DEFENDANT:  Yes. |
| 6 | THE COURT:  Thank you. |
| 7 | Counsel for the United States, can I ask you to please summarize the defendant's obligations under the agreement? |
| 9 | MS. DEININGER:  Yes, your Honor. |
| 10 | Pursuant to the agreement, prosecution has been deferred for a period of a one-year term, during which time the defendant will be under the supervision of pretrial services. The deferred prosecution sets out certain terms and conditions with which he has to comply during that term, including that he shall refrain from the violation of any law and shall not leave the Continental United States without the permission of his supervising U.S. pretrial services officer. |
| 18 | The deferred prosecution agreement also contains several special conditions, including that as part of the agreement, the defendant admitted the facts set forth in an attached statement of facts, which includes an acknowledgment that Mr. Wolfson was aware that Andrey Kostin had been sanctioned in April 2018, that there was a $12 million payment in September 2019 to CapitalInvest that benefited Kostin, and that neither Mr. Wolfson nor his codefendant, Gannon Bond, had |

1    an OFAC license to engage in the September 2019 payment.
2              The deferred prosecution agreement also includes a
3    special condition that Mr. Wolfson agrees to pay a little bit
4    over $1.1 million in forfeiture to the government.
5              And assuming that the defendant complies with all of
6    the terms and conditions set forth in the deferred prosecution
7    agreement, at the end of the one-year term, the government
8    agrees to dismiss the charges against him with prejudice.
9              THE COURT:  Thank you.
10             So, Mr. Wolfson, did you just hear the government's
11   summary of certain of the obligations in the agreement?
12             THE DEFENDANT:  Yes, I do.
13             THE COURT:  Thank you.
14             Do you understand that you are required to comply with
15   those and all other terms of the agreement?
16             THE DEFENDANT:  Yes, your Honor.
17             THE COURT:  Do you understand that if you comply with
18   the terms of the agreement for the next year, that the case
19   against you will be dismissed?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  Mr. Wolfson, you have the right to a
22   speedy trial.  And while this agreement is in effect, there
23   will be no trial.  Do you understand that?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  Mr. Wolfson, do you waive your right to a

1  speedy trial during the duration of this deferred prosecution
2  agreement?
3             THE DEFENDANT:  Yes, your Honor.
4             THE COURT:  Do you understand, Mr. Wolfson, that until
5  this case is finally dismissed, the government may withdraw
6  this agreement and proceed to trial at any time?
7             THE DEFENDANT:  Yes, your Honor.
8             THE COURT:  Thank you.
9             So, thank you, Mr. Wolfson.
10            Based on the allocution that I've just had with the
11 defendant, I'm concluding that he has entered into the
12 agreement knowingly and voluntarily and that he is competent to
13 do so.
14            I've signed the agreement, and I will hand the
15 agreement forward to the government.
16            Mr. Wolfson, you have been provided an opportunity
17 here to avoid a potential conviction.  I trust that you will
18 comply with the terms of this agreement, and that you will take
19 advantage of the opportunity afforded to you.
20            Counsel for the United States, is there anything else
21 that we should discuss before we adjourn?
22            MS. DEININGER:  No, your Honor.
23            THE COURT:  Thank you.
24            Counsel for defendant?
25            MR. RYBICKI:  Your Honor, we would like to confirm

1  that the agreement, the conditions set forth in the agreement,
2  related to pretrial release are the new conditions that apply
3  to Mr. Wolfson.
4             THE COURT:  Thank you.
5             Counsel for defendant, any other comments before I
6  turn to the government?
7             MR. RYBICKI:  No, your Honor.  Thank you.
8             THE COURT:  Thank you.
9             Counsel for the United States, what's your position
10 regarding that request?
11            MS. DEININGER:  Yes, your Honor, my understanding is
12 that the conditions of supervision, in terms of what the
13 pretrial services officer will be reviewing, are those set out
14 in the deferred prosecution agreement.  The U.S. Attorney's
15 Office is responsible for assessing whether the defendant has
16 complied with the special conditions of the deferred
17 prosecution agreement.
18            There is a bond currently in place.  My understanding
19 is that the bond remains in place for the pendency of the
20 deferred prosecution agreement, but will be automatically
21 released if we do dismiss charges at the conclusion of the DPA,
22 but in terms of the terms of which he is required to comply
23 with, it's only those set out in the deferred prosecution
24 agreement.
25            THE COURT:  Thank you.

P7AKWOLC

1          Counsel for defendant, is that consistent with your
2   understanding?
3          MR. RYBICKI:  It is, your Honor.
4          THE COURT:  Good.
5          So, I'm modifying the conditions of the defendant's
6   pretrial release.  The only requirements of his pretrial
7   release are those that are specifically detailed in the
8   deferred prosecution agreement.  Any other requirements of
9   pretrial release are released as a result of the entry into the
10  agreement.
11         The bond itself will remain in effect, securing these
12  continuing obligations as set forth in the deferred prosecution
13  agreement.
14         Anything else, counsel for defendant?
15         MR. RYBICKI:  No, your Honor.
16         THE COURT:  Thank you.
17         Thank you, all, very much.  This proceeding is
18  adjourned.
19         (Adjourned)